# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 Proceedings |
| | ) | |
| Jeffrey Kohner | ) | Case No: 2:16-bk-03251 DPC |
| | ) | |
| Debtor. | ) | Adversary Proceeding No. 2:17-ap-00079 |
| | ) | |
| | ) | **UNDER ADVISEMENT RULING** |
| | ) | **ON DISPOSITION OF FUNDS** |
| | ) | **HELD BY CHAPTER 13 TRUSTEE** |
| | ) | **POST-DISMISSAL** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |

Subsequent to dismissal of this chapter 13 case, on December 7, 2016, Judgment Creditor Mark B. Pyper ("Pyper") garnished the Chapter 13 Trustee, Edward J. Maney ("Trustee"), seeking partial satisfaction of a $101,343.00 judgment from the funds paid to the Trustee during the course of Jeffrey Kohner's ("Debtor") chapter 13 case. Debtor's bankruptcy counsel, Dean W. O'Connor, PLLC ("O'Connor"), objected to the garnishment action in state court and removed that action to this Court on January 19, 2017 (*See* Notice of Removal at DE[1] 1).

For the reasons stated below, the Trustee is ordered to distribute the funds to O'Connor in partial satisfaction of his allowed administrative expense claim.

---

[1] "DE" shall hereinafter refer to filings in 2:17-ap-00079.

## I. Background

Debtor filed for bankruptcy under chapter 13 of the United States Bankruptcy Code ("Code") at case no. 2:16-bk-03251-DPC on March 30, 2016. The Court dismissed the case on November 28, 2016. (Admin.[2] DE 155). On December 1, 2016, Pyper filed a garnishment in the Maricopa County Superior Court. (DE 2, P. 6). On December 7, 2016, the Trustee answered the garnishment, stating that he was holding some $1,819.15 post-dismissal. (DE 2, P. 7). On January 12, 2017, the Court entered an Order Allowing Attorney's Fees for Dean W. O'Connor, PLLC in the amount of $4,500.00. (Admin. DE 168). On January 19, 2017, O'Connor removed the garnishment proceedings to this Court. (DE 1).

On February 14, 2017, the Court conducted a status hearing attended by O'Connor and Trustee. (DE 6). Mr. Pyper was not present. *Id*. At the conclusion of the hearing, the Court ordered simultaneous briefs on the issues raised at the hearing be filed no later than March 10, 2017. *Id*. On March 5, 2017, O'Connor filed his Supplemental Brief in Support of Payment of Allowed Attorney's Fees. (DE 7). Pyper did not file a brief.

## II. Issue

The issue before this Court is whether funds held by the chapter 13 Trustee after dismissal of the case where a chapter 13 plan was never confirmed are subject to garnishment by a pre-bankruptcy judgment creditor. Or, alternatively, must the funds be used to first satisfy any outstanding administrative expenses from the bankruptcy proceedings?

## III. Analysis

11 U.S.C. § 1326(a)(2) states as follows:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the

---

[2] "Admin. DE" shall hereinafter refer to filings in 2:16-bk-03251-DPC.

> trustee shall distribute any such payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).* (emphasis added).

If a statute is unambiguous, courts must apply the statute as stated. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992). Where a statute's language is ambiguous, courts are to scrutinize it in its entirety and consider "the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the intention of the Legislature." *Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S. Ct. 2431 (1974).

Here, the Court has already allowed O'Connor's attorney's fees through its January 12, 2017 order in the administrative case. (Admin. DE 168). O'Connor's fee application was filed under § 330(a)(1) and allowed under § 503(b)(2). Section 1326(a)(2) unambiguously states that where a chapter 13 case has been dismissed and a plan was never confirmed, the Trustee is to deduct any unpaid claim allowed under § 503(b) before returning the balance to the Debtor. The Arizona garnishment statute applies to "[m]onies held by a garnishee on behalf of a judgment debtor." Ariz. Rev. Stat. Ann. § 12-1570.01(A)(2). Because the Debtor is not entitled to any of the monies held by the Trustee until administrative expenses allowed under § 503(b) have been satisfied, only those funds left over after administrative expenses are paid may be garnished by Pyper.

The Court has previously ruled on a similar issue in its unpublished decision in *In re Cohen*, No. 2:14-BK-11079-DPC, 2016 WL 797656 (Bankr. D. Ariz. Feb. 29, 2016). There, the Arizona Department of Revenue issued a levy against the chapter 13 trustee following dismissal of the debtor's chapter 13 case. *Id*. A chapter 13 plan was never confirmed prior to the dismissal of that case. *Id*. Importantly, in *Cohen*, the chapter 13 trustee moved the Court to quash the levy, arguing that, under § 1326(a)(2), he was

required to return the funds to the Debtor. The Court found that the statute was ambiguous as to that particular issue and denied the Trustee's motion to quash. *Id*. Here, O'Connor has an allowed administrative expense under § 503(b), a circumstance specifically addressed in § 1326(a)(2), therefore the logic applied by the Court in *Cohen* is inapplicable. The Court also notes that Pyper was given opportunity to provide argument as to why he is entitled to the funds despite O'Connor's allowed § 503(b)(2) claim. Pyper failed to do so. Therefore, in addition to the unambiguous language of § 1326(a)(2), the Court is also ruling against Pyper for his failure to prosecute his garnishment in this adversary proceeding.

### IV. <u>Conclusion</u>

For the reasons stated above, the Trustee is ordered to turn over the $1,819.15 held post dismissal to O'Connor in partial satisfaction of his allowed administrative expense claim.

**Signed and Dated Above.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

Jeffery C. Kohner
1028 S. Longwood Loop
Mesa, AZ 85208

Dean William O'Connor
Dean W. O'Connor, PLLC
1212 E. Osborn Rd., Suite 109
Phoenix, AZ 85014

Case 2:17-ap-00079-DPC   Doc 8   Filed 04/14/17   Entered 04/14/17 14:09:49   Desc
Main Document    Page 4 of 5

| | |
|---|---|
| 1 | Mark B. Pyper |
| 2 | 3030 N. Central Avenue, Suite 1406 |
|   | Phoenix, AZ 85012 |
| 3 | |
| 4 | Edward J. Maney |
|   | 101 N. First Ave., Suite 1775 |
| 5 | Phoenix, AZ 85003 |
| 6 | Andrew M. Dudley, Esq. |
|   | 101 N First Ave, Suite 1775 |
| 7 | Phoenix, AZ 85003 |
| 8 | Attorney for Edward J. Maney, Chapter 13 Trustee |